THE STATE OF OHIO *v.* SIMPSON.

(No. 80 CR 300—Decided September 24, 1980.)

Court of Common Pleas of Lake County.

*Mr. John E. Shoop,* prosecuting attorney, and *Mr. Judson Hawkins,* for plaintiff.

*Mr. Michael P. Hurley,* for defendant.

MITROVICH, J. This cause is before the court for consideration of defendant's motion to suppress. Defendant alleges that the search warrant through which the search was conducted is invalid for the reason that it does not comply with statutory requirements.

The defendant resided in Apt. 304 at the address named in the affidavit for search warrant and the warrant. The address was an apartment building. A co-defendant also named in the affidavit lived in Apt. 204. The affiant established sufficient probable cause in the affidavit to obtain a warrant to search both Apts. 204 and 304.

The draftsman, upon drawing the warrant itself, commanded the search of Apt. 204, but failed to order a search of Apt. 304. The court signed the search warrant and the officers proceeded to search Apts. 204 and 304. Sufficient evidence was found in both apartments to gain indictments against the defendant and the co-defendant. The defendant contends that the warrant is invalid, as pursuant to R. C. 2933.23 and 2933.24, a search can only be had of a specific residence named in the search warrant.

The defendant assigns two additional errors which the court has summarily overruled:

1. The warrant was not executed by the officer to whom it was directed.

2. A single warrant cannot be used to search two apartments in the same building.

The affidavit and search warrant were composed on preprinted forms. The evidence indicates the police officers filled in the forms without the benefit and advice of an attorney and presented them to the court for execution.

A portion of the form states:

"These are therefore to command you in the name of the State of Ohio,***to enter***into apartment #204***."

The state argues that since Apts. 204 and 304 are both named in the affidavit, the warrant has sufficient authority to search both apartments; *i.e.,* the affidavit and warrant are all inclusive. The court does not agree, and finds the search warrant must stand on its own.

Surprisingly, there are few cases in Ohio regarding this issue, but it has always been held that search warrants are creatures of statute, and the Constitutions of the United States and the State of Ohio. Therefore, the creation and application must be construed most strictly. *State* v. *Vuin* (C.P. 1962), 89 Ohio Law Abs. 193.

From a reading of Criminal Rule 41, R. C. 2933.23 and 2933.24, this court is of the opinion that the "command" portion of the warrant had not properly named Apt. 304 and, therefore, any search of the said apartment was unlawful and the evidence obtained thereby must be suppressed.

R. C. 2933.23 specifically requires the warrant (not the affidavit) to identify "the property and naming or describing the person or place to be searched." In addition, R. C. 2933.24(A) states in part:

"***Such warrant shall command the officer to search such house or place or person named or described for the property or other things***."

Reading the statutes together, the intent is clear; *i.e.,* the warrant is a specific document and it shall contain specific information. Likewise, the command only appears in one place—in the warrant. It is, in fact, the order of the court, the authority by which it grants the power to the police to act.

The fact that the words referring to Apt. 304 are missing from the command can only be construed as meaning that the

executing court considered the request to search Apt. 304 and rejected that request. Thus, since the authority to search Apt. 304 was not contained in the words of the command, no authority to search is created. To allow the police to decide whether they will expand the terms of the court order to fit their convenience or purpose is to give them greater power than intended by statute and constitution. The court is the guardian of the rights of the people and they must be protected by specific orders.

The search of Apt. 304 was unauthorized and the evidence obtained thereby is suppressed.

*Motion granted.*